

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00170-CV

**IN RE: THE COMMITMENT OF ANDREW PENA**

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B43349-2006, Honorable Kregg Hukill, Presiding

December 16, 2021

## EN BANC ORDER ON MOTION TO RECUSE

Before QUINN, C.J., and PIRTLE and PARKER and DOSS, JJ.

Appellant, Andrew Pena, filed a notice of appeal challenging the trial court's final judgment finding Pena to be a repeat sexually violent offender as defined by section 841.003 of the Texas Health and Safety Code and ordering him civilly committed, in accordance with section 841.081 of the Texas Health and Safety Code, to a secure correctional facility for treatment and supervision. On November 12, 2021, Pena filed a motion to recuse the entire Court from considering his appeal.

Applicable Law

Texas Rule of Appellate Procedure 16 controls recusal and disqualification of appellate judges. Under Rule 16.3(a), "[a] party may file a motion to recuse a justice or judge before whom the case is pending. The motion must be filed promptly after the party has reason to believe that the justice or judge should not participate in deciding the case." TEX. R. APP. P. 16.3(a). Under Rule 16.3(b), "[b]efore any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc." TEX. R. APP. P. 16.3(b). "The challenged justice or judge must not sit with the remainder of the court to consider the motion as to him or her." *Id.*

The grounds for the disqualification of judicial officers are identified in the Texas Constitution and Rule 18b(a) of the Texas Rules of Civil Procedure. *See* TEX. CONST. Art. V, § 11; TEX. R. CIV. P. 18b(a). A judge may not sit in a case in which (1) the judge served as a lawyer in the matter or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter; (2) the judge knows that, individually or as a fiduciary, the judge has an interest in the subject matter in controversy; or (3) either of the parties may be related to the judge by affinity or consanguinity within the third degree. *See* TEX. R. CIV. P. 18b(a).

The grounds for recusal of an appellate court justice are the same as those identified in Rule 18b(b) of the Texas Rules of Civil Procedure. TEX. R. APP. P. 16.2. This Rule provides that a judge must recuse in any proceeding in which:

(1) the judge's impartiality might reasonably be questioned;

(2) the judge has a personal bias or prejudice concerning the subject matter or a party;

(3) the judge has personal knowledge of disputed evidentiary facts concerning the proceeding;

(4) the judge or a lawyer with whom the judge previously practiced law has been a material witness concerning the proceeding;

(5) the judge participated as counsel, adviser, or material witness in the matter in controversy, or expressed an opinion concerning the merits of it, while acting as an attorney in government service;

(6) the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(7) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

> (A) is a party to the proceeding or an officer, director, or trustee of a party;
> (B) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or
> (C) is to the judge's knowledge likely to be a material witness in the proceeding[; or]

(8) the judge or the judge's spouse, or a person within the first degree of relationship to either of them, or the spouse of such a person, is acting as a lawyer in the proceeding.

TEX. R. CIV. P. 18b(b).


Analysis


Because this Court has not yet handed down a decision in this case, Pena's motion to recuse is timely filed. TEX. R. CIV. P. 16.3(a). Pena does not allege any constitutional or rule-based disqualifications with regard to any of the justices of this Court. Rather, he

3

argues that this Court's "misrepresentation of the facts" in *In re Commitment of Wiley*, No. 07-20-00039-CV, 2021 Tex. App. LEXIS 6609 (Tex. App.—Amarillo Aug. 11, 2021, no pet. h.) (mem. op.), "demonstrates an actual bias or prejudice against the respondents in these [c]hapter 841 cases . . . making fair judgment impossible . . . ."  The determination of whether recusal is necessary must be made on a case-by-case, fact-intensive basis. *Williams v. Viswanathan*, 65 S.W.3d 685, 688 (Tex. App.—Amarillo 2001, no pet.).  While Justice Parker did not participate in the decision in *Wiley*, Pena nonetheless contends that the entire Court is biased.

In compliance with Rule 16.3(b) of the Texas Rules of Appellate Procedure, Pena's motion to recuse has been certified to the entire Court.  Each member of this Court has considered Pena's motion to recuse with the challenged justice removing himself or herself from participation when his or her recusal was considered.  In other words, Justices Pirtle, Parker, and Doss considered the motion as to Chief Justice Quinn; Chief Justice Quinn and Justices Parker and Doss considered the motion as to Justice Pirtle; Chief Justice Quinn and Justices Pirtle and Doss considered the motion as to Justice Parker; and Chief Justice Quinn and Justices Pirtle and Parker considered the motion as to Justice Doss.  In each instance, none of the justices found any merit in Pena's allegation of bias.  Therefore, we deny the motion to recuse as to each member of the Court.

Conclusion

Pena's motion to recuse is denied.

Per Curiam

4